```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MONTY P. MILBOURNE, | 1:19-cv-19201 (NLH) |
| Petitioner, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

**APPEARANCES**:

Monty P. Milbourne, No. 46305
Cumberland County Jail
54 West Broad St.
Bridgeton, NJ 08302
    Petitioner Pro se

**HILLMAN, District Judge**

    WHEREAS, on October 17, 2019, Petitioner Monty P. Melbourne filed a letter with the Court that was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, see ECF No. 1; and

    WHEREAS, the Court administratively terminated the petition as Petitioner had not paid the filing fee or submitted an in forma pauperis application, see ECF No. 3; and

    WHEREAS, on January 2, 2020, Petitioner filed an in forma pauperis application, see ECF No. 4; and

    WHEREAS, the Clerk's Office received another document from

Petitioner on January 2, 2020 that was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, see Milbourne v. Smith, No. 20-0012 (D.N.J. filed Jan. 2, 2020) ECF No. 1; and

WHEREAS, the § 2241 petition was accompanied by a letter from Petitioner explaining that he has not yet been sentenced by a state court. Milbourne, No. 20-0012 ECF No. 1-2. He stated that he has been held in the Cumberland County Jail for 26 months on charges that have not been brought before a grand jury. Id. at 2. He stated that he believed § 2241 to be more applicable to his situation, see id.; and

WHEREAS, section 2254 grants this Court jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). Petitioner asserts he has not been sentenced or even indicted by a state court. Accordingly, this Court does not have jurisdiction under § 2254 to address Petitioner's arguments; and

WHEREAS, section 2241 is the appropriate method for consideration of a pre-trial habeas petition, see Moore v. De Young, 515 F.2d 437, 442 n.5 (3d Cir. 1975); and

WHEREAS, Petitioner has submitted a § 2241 petition for this Court's review. Milbourne v. Smith, No. 20-0012 (D.N.J. filed Jan. 2, 2020). The Court will therefore dismiss the §

2254 action without prejudice[1] and consider Petitioner's arguments under § 2241 in Civil Action No. 20-0012.  Petitioner should reference Civil Action No. 20-0012 in all further communication with the Court

    THEREFORE, IT IS on this   7th   day of January, 2020

    ORDERED that the petition is dismissed without prejudice.  The Court will consider Petitioner's arguments in Civil Action No. 20-0012; and it is finally

    ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular mail and mark this case closed.

                                              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[1] Generally, prisoners may only file one petition under § 2254. However because the Court does not reach the merits of Petitioner's claims in this petition, the petition shall not count as a "first" § 2254 petition.  Petitioner retains his right to file a new § 2254 petition, if necessary, at the conclusion of his state court proceedings.  The Court makes no findings as to whether any potential forthcoming petition otherwise complies with § 2254.